IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW REDICK,

        **Plaintiff,**

        v.                             CASE NO.  22-3061-SAC

JOYCE COY, et al.,

        **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Andrew Redick is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 5.)  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF").

Plaintiff alleges in his Complaint that sometime between December 2019 and January 2020, Defendant Joyce Coy, an LCF Cellhouse Officer, served Plaintiff a meal "covered in hair."  (Doc. 1, at 2.) This made Plaintiff think people were putting stuff in his food and affected his mental health.  He moved to another tier and "tried to walk away from this facility several times and they refused to let [him]."  *Id*.  Plaintiff alleges that Officer Coy is obligated to look over the food before she serves it and she neglected to do her job.  Plaintiff claims that other inmates started messing with his food, listening to Plaintiff, watching him in his cell to "psychologically mess with his head," and are trying to get him to go to segregation.  *Id*. at 10.

1

Plaintiff also sets forth his dissatisfaction with the grievance process at LCF.  Plaintiff claims that he has submitted several forms about important issues and has never received assistance from officers or unit teams.  *Id*. at 11.  Plaintiff claims that the only thing he is told is to "follow the rules."  *Id*. at 12.  Plaintiff also alleges that the inmates and staff attempted to hinder his grievance process by saying Plaintiff was a snitch.  *Id*. at 13.  Plaintiff alleges that the Unit Teams failed to do their job by failing to respond to his grievances.  *Id*. at 15.  Plaintiff alleges that his legal mail was opened by the mailroom on one occasion, and he filed a grievance but was never "assisted."  *Id*. at 22.  Plaintiff lists other instances where his grievances went unanswered and claims that he is being harassed.  Plaintiff then attaches grievances he filed in March through May 2020, December 2020, and January through March 2021.  *Id*. at 25–35.

Plaintiff names as Defendants:  Joyce Coy, LCF Cellhouse Officer; Lansing Correctional Facility; Angela Millen, LCF Unit Team; and Michael Thompson, LCF Unit Team Manager.[1]

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

---

[1] The Court notes that Plaintiff lists additional defendants in the attachments to his Complaint.  *See* Doc. 1, at 14.

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Negligence

Plaintiff's allegations fail to plausibly state a claim for the deprivation of his constitutional rights.  His description of the incident does not demonstrate how the hair being in his food resulted from the deliberate indifference of any individual, as opposed to mere negligent conduct.  Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Courts have found similar allegations insufficient to establish the violation of a constitutional right. *See, e.g., Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of

the constitutional rights of the prisoner affected."); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (ruling that presence of foreign objects in food was insufficient to prove deliberate indifference); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (same); *Ockert v. Beyer*, No. 10–3058–SAC, 2010 WL 5067062 at *2 (D. Kan. Dec. 7, 2010) (finding that a single incident where hair was found in food failed to give rise to a constitutional violation). Plaintiff's claim suggests, at most, negligence and is subject to dismissal.

## 2. Grievance Procedures/Responses

Plaintiff claims that staff did not properly respond to his grievances. These claims are based on Plaintiff's dissatisfaction with the grievance process and his claims that these defendants failed to properly respond to his grievances. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D.

Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the Court's deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 4, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 6, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**

6