IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDREW REDICK,**

    **Plaintiff,**

    v.                                                         CASE NO. 22-3061-SAC

**JOYCE COY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On April 6, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 7).

Plaintiff alleges in his Complaint that sometime between December 2019 and January 2020, Defendant Joyce Coy, an LCF Cellhouse Officer, served Plaintiff a meal "covered in hair." (Doc. 1, at 2.) Plaintiff also sets forth his dissatisfaction with the grievance process at LCF and alleges that his legal mail was opened by the mailroom on one occasion, and he filed a grievance but was never "assisted." *Id*. at 22.

The Court found in the MOSC that Plaintiff's allegations fail to plausibly state a claim for the deprivation of his constitutional rights. His description of the incident does not demonstrate how the hair being in his food resulted from the deliberate indifference of any individual, as opposed to mere negligent conduct. Claims under § 1983 may not be predicated on mere

negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

The Court also found that Plaintiff's claims regarding his grievances are based on his dissatisfaction with the grievance process and defendants' failure to properly respond to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process fail to state a claim for relief.

Plaintiff's response fails to show good cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff claims that prisons are required to serve nutritious food that is prepared under clean conditions. However, his response does not show that the one instance of receiving food with hair in it was the result of anything other than negligence. Plaintiff also

claims that he was denied a Covid test on one occasion and that there was a delay in receiving his trust account statement.  Plaintiff also claims that "their" actions have caused him to miss filing dates.  Plaintiff does not provide any supporting facts as to who allegedly caused him to miss a filing date or what their actions were.  Plaintiff continues to claim dissatisfaction with the grievance process and that "the Facility refused to let [him] walk away."  (Doc. 7, at 2.)  Plaintiff also asserts that he should be appointed counsel to assist him.  *Id*. at 3.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.  Therefore, the Court is dismissing this action for failure to state a claim.  Any request for appointment of counsel is denied as moot.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 20, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**